

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 19, 2024

**FILED UNDER SEAL – BY EMAIL**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
United States District Courthouse
40 Foley Square
New York, New York 10007

    Re:    *In re Grand Jury Subpoena Dated February 23, 2024*, 24 Misc. 104 (JMF)

Dear Judge Furman:

    The Government writes in further support of its sealed motion ("Mot.") to compel dated March 8, 2024, and in reply to the March 18, 2024, opposition ("Opp.") filed by ▮▮▮▮ ▮▮▮▮ For the reasons set forth in the Government's motion, there remain three separate and independent reasons for the Court to grant the Government's motion to compel compliance with the Subpoena.[1]

**The Protective Order Allows the Production of the Materials**

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████

███████████████████████████████████████████████

---

[1] The Opposition represents that "▮▮▮▮ has already produced all of the documents it may produce" that are not covered by the Protective Order. Opp. at 1. The Government understands that is wrong, and that certain transcripts may not have been designated as confidential by ▮▮▮▮ However, ▮▮▮▮ has said that it would be burdensome to determine which transcripts have not been marked as confidential. The parties agree that the burden will be mooted if the Court grants the Government's motion to compel, and so the Government has agreed not to require ▮▮▮▮ to produce those transcripts until after the Court rules on the instant motion.



**The *Martindell* Test Does Not Apply to Arbitrations**

Neither party has been able to locate any case in which a court applied the test set forth in *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291 (2d Cir. 1979) to a grand jury subpoena that sought information covered by a protective order in an arbitration. That is so for two reasons. First, protective orders in arbitrations typically include carve-outs for such subpoenas, as the Protective Order does. Second, the *Martindell* test plainly does not apply in such cases.

For all the reasons set forth in the Government's motion, arbitrations are different than proceedings in federal court. Mot. at 9-12. The Second Circuit has recognized those obvious differences, explaining that, unlike arbitrations, courts, "are governmental bodies that stress formal procedures, are bound by formal rules of evidence and legal precedents, and are presided over by judges who have substantial tenure and no other occupation." *Karl Koch Erecting Co. v. New York Convention Ctr. Dev. Corp.*, 838 F.2d 656, 660 (2d Cir. 1988).[2]

---

[2] *Karl Koch* does not itself deal with arbitration, but the quoted language appears in a section rejecting an argument by analogy based on New York state law cases holding that arbitration clauses that could only be enforced by one party were unenforceable, and those New York state law cases have been abrogated. *Sablosky v. Edward S. Gordon Co.*, 73 N.Y.2d 133 (1989).

Court proceedings are, as *Martindell* explained, the "cornerstone of our administration of civil justice." 594 F.2d at 295. It was only that incredibly significant public interest that the *Martindell* court found sufficient to overcome the strong public interest in obtaining evidence for law enforcement. Whatever the benefits of arbitrations, they cannot fairly be described as the "cornerstone of our administration of civil justice." They implicate far less weighty interests, which are overcome by the core public interest in allowing the grand jury to obtain evidence of criminal proceedings.

Arbitrations are, instead, private proceedings, and arbitrators are private parties. A protective order issued by an arbitrator is simply an agreement between a set of private parties not to disclose information. It is more akin to a non-disclosure agreement of the type private parties frequently enter into. And there is no doubt that grand jury subpoenas take precedence over such non-disclosure agreements. *See Vringo, Inc. v. ZTE Corp.*, No. 14 Civ. 4988 LAK, 2015 WL 3498634, at *8 (S.D.N.Y. June 3, 2015) ("Of course, as a matter of public policy, such an agreement [a non-disclosure agreement] cannot trump compulsory process in a grand jury investigation."); *see also Doe v. Benjamin Zaremski M.D., P.C.*, No. 21 Civ. 3187 (ER), 2022 WL 2966041, at *10 (S.D.N.Y. July 27, 2022) ("nondisclosure agreements do not preclude discovery in federal litigation"). Private parties should not be able to unilaterally decide whether they can block the grand jury from obtaining information.

███ suggests a parade of horribles if the Court were to hold that grand jury subpoenas take precedence over protective orders in arbitrations: "Parties who might otherwise resolve their differences privately, through arbitration, could be forced into federal court to protect their confidential information." Opp. at 6. But of course, materials produced to the grand jury are protected by strict rules of secrecy, Fed. R. Crim. Pro. 6(e), and so confidential information produced to the grand jury is safe from public disclosure. The only parties who might shun arbitrations are those who want to conceal evidence of criminal conduct from law enforcement, and that interest is of limited weight.[3]

As to reliance, the issue is not whether ███ reasonably relied on the Protective Order, but whether ███ did. And it would in fact have been unreasonable for ███ to rely on the Protective Order blocking a grand jury subpoena. No case has *ever* held that an arbitration's protective order can block a grand jury subpoena, and the law in every other circuit to consider the issue is clear that a grand jury subpoena takes precedence over even a court's protective order. Had a grand jury in almost any other district conducted this investigation—including a grand jury in the district where the arbitration took place—the law would be crystal clear that the grand jury subpoena takes precedence. Thus, ███ cannot be found to have reasonably relied on the Protective Order to block the disclosure of materials in the arbitration.

---

[3] Another critical difference between the protective orders issued by courts and those issued by arbitrators is that courts, in exceptional circumstances, can issue referrals to prosecutors when they learn of criminal conduct in their cases, even if certain of that information is covered by a protective order. Arbitrators are in many cases bound by the protective orders in their cases, and are generally less likely to make criminal referrals when litigants have chosen them and pay their salaries.

Hon. Jesse M. Furman
Page 4

Finally, on the public policy question, arbitrations are in fact different than court proceedings, and private agreements that block grand jury subpoenas are void as against public policy.  *See supra* at 3.  That does not mean "wholesale nullification" of protective orders in arbitrations, as ▮ claims Opp. at 8—it simply means that protective orders cannot block the grand jury from obtaining evidence of crimes.

### The Government Has Met The *Martindell* Test

▮ takes no position on whether the Government has shown extraordinary circumstance or compelling need, Opp. at 8, and the Government accordingly relies on the arguments on that point in its original motion.

                                                Respectfully submitted,

                                                DAMIAN WILLIAMS
                                                United States Attorney

By:    */s/ Kevin Mead*
        Dina McLeod
        Kevin Mead
        Assistant United States Attorneys
        (212) 637-2211/1040

cc:    Alyssa D. Bell and Michael V. Schafler, Esq. (by email)